# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2909

_____

| | |
|---|---|
| Darlene Chambers, | * |
| | * |
| Appellant, | * |
| | * |
| | *  Appeal from the United States |
| v. | *  District Court for the Western |
| | *  District of Missouri. |
| Cynthia Turley, Deputy Clerk; William | *  [UNPUBLISHED] |
| Ray Price, Chief Judge; Jay Nixon, | * |
| Missouri Attorney General; Stacey | * |
| Anderson, Assistant Attorney General; | * |
| Richard Callahan, Prosecutor. | * |
| | * |
| Appellees. | * |

_____

Submitted:  October 26, 2001

Filed:  November 1, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Darlene Chambers appeals the district court's[1] dismissal of her 42 U.S.C. § 1983 action. Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we hold that dismissal of the complaint was proper.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

Chambers, whose husband James was executed by the State of Missouri, sought through this action to enjoin the Missouri Attorney General, an assistant attorney general, and a prosecuting attorney from destroying evidence Chambers believes would prove that a crucial witness committed perjury during her husband's trial. She also sought to enjoin the Chief Justice and a deputy clerk of the Missouri Supreme Court from denying her the right to file in that court a motion to protect the evidence.

We agree with the district court that Chambers failed to state a claim upon which relief can be granted, because she did not allege facts indicating a violation of her rights under the Constitution or federal statutes, as required for section 1983 litigation. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (although liberally construed, pro se complaint must contain specific facts supporting its conclusions). We note that Chambers did not allege that the defendants prevented her from filing her motion to protect the evidence in the state circuit court.

The judgment is affirmed. See 8th Cir. R. 47B. We deny Chambers's motion to supplement the record on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.